UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KATHERINE SISLEMA and ANTONIO GONZALEZ, individually and on behalf of others similarly situated,<br><br>                        Plaintiffs,<br><br>           - against -<br><br>BE TEMERARIO GROUP, LLC d/b/a EL TEMERARIO;<br>BE BAMBA GROUP, LLC d/b/a LAMANO WINE BAR;<br>LAMANO WEST VILLAGE LLC d/b/a LAMANO;<br>LIGHT SIDE CORP. d/b/a THE BLACK ANT;<br>L PLUS L PRODUCTIONS, LLC d/b/a OFRENDA;<br>JORGE LUIS GUZMAN GONZALEZ, individually;<br>and any other related entities,<br><br>                        Defendants. | **Case No.: 22-cv-1720**<br><br><br>**CLASS &<br>COLLECTIVE ACTION<br>COMPLAINT**<br><br>**Jury Trial Demanded** |

The Named Plaintiffs KATHERINE SISLEMA and ANTONIO GONZALEZ (the "Named Plaintiffs"), by their attorneys, Leeds Brown Law, P.C., alleges upon knowledge to themselves and upon information and belief as to all other matters as follows:

## PRELIMINARY STATEMENT

1.    This action is brought pursuant to Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 203, 206 and 216(b), New York Labor Law ("NYLL") Article 6 §§ 190 *et seq.*, Article 19 §§ 650 *et seq.*, and 12 NYCRR Part 146 to recover, *inter alia*, unpaid minimum wages, and unpaid tips and gratuities, owed to the Named Plaintiffs and other similarly situated persons who are presently or were formerly employed by BE TEMERARIO GROUP, LLC d/b/a EL TEMERARIO; BE BAMBA GROUP, LLC d/b/a LAMANO WINE BAR; LAMANO WEST VILLAGE LLC d/b/a LAMANO; LIGHT SIDE CORP. d/b/a THE BLACK ANT; L PLUS L PRODUCTIONS, LLC d/b/a OFRENDA; JORGE LUIS GUZMAN GONZALEZ,

individually; and any other related entities, (hereinafter collectively referred to as "Defendants") at all of Defendants' restaurants located in the State of New York.

2.    Upon information and belief, beginning in approximately March 2016 and continuing through the present, Defendants have engaged in a policy and practice of failing to compensate their food service employees in compliance with applicable state and federal law, including but not limited to:

a)    by failing to compensate them for all hours worked due to time shaving;

b)    by failing to compensate them at a regular hourly rate at least equal to the applicable wage rate when they were actually compensated;

c)    by failing to compensate them with spread of hours pay when applicable; and,

d)    by allowing ineligible personnel to participate in the tip pool.

3.    Furthermore, upon information and belief, beginning in approximately March 2016 and continuing through the present, Defendants have engaged in a policy and practice of failing to provide adequate notice to their employees concerning their pay practices as required under the NYLL's Wage Theft Prevention Act.

4.    The Named Plaintiffs have initiated this action seeking for themselves, and on behalf of all similarly situated employees, compensation that they were deprived of – plus liquidated damages, interest, attorneys' fees, and costs, and other damages as allowed for pursuant to applicable law.

## JURISDICTION & VENUE

5.    This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA, 29 U.S.C. § 201, *et seq.* This Court has supplemental jurisdiction over the New York state law claims pursuant to 28 U.S.C. § 1367, as they are so related

in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6.    Venue is proper in this District because the wage violations which give rise to the Named Plaintiffs' claims occurred in this District.

## THE PARTIES

7.    Plaintiff KATHERINE SISLEMA is an individual who currently resides in Queens County, New York, and who was employed as a food service worker by Defendants at their 198 Eighth Avenue, New York, New York 10011 location.

8.    Plaintiff ANTONIO GONZALEZ is an individual who currently resides in Richmond County, New York, and who was employed as a food service worker by Defendants at their 198 Eighth Avenue, New York, New York 10011 location.

9.    Upon information and belief, Defendant BE TEMERARIO GROUP, LLC d/b/a EL TEMERARIO is a domestic limited liability company organized and existing under the laws of the State of New York, with a headquarters and principal place of business located at 198 Eighth Avenue, New York, New York 10011, and is and at all relevant times was engaged in the Hospitality Industry.

10.    Upon information and belief, Defendant BE BAMBA GROUP, LLC d/b/a LAMANO WINE BAR is a domestic limited liability company organized and existing under the laws of the State of New York, with a headquarters and principal place of business located at 265 West 20th Street, New York, New York 10011, and is and at all relevant times was engaged in the Hospitality Industry.

11.    Upon information and belief, Defendant LAMANO WEST VILLAGE LLC d/b/a LAMANO is a domestic limited liability company organized and existing under the laws of the

State of New York, with a headquarters and principal place of business located at 39 Christopher Street, New York, New York 10014, and is and at all relevant times was engaged in the Hospitality Industry.

12.　　Upon information and belief, Defendant LIGHT SIDE CORP. d/b/a THE BLACK ANT is a domestic corporation organized and existing under the laws of the State of New York, with a headquarters and principal place of business located at 39 Christopher Street, New York, New York 10014, and is and at all relevant times was engaged in the Hospitality Industry.

13.　　Upon information and belief, Defendant L PLUS L PRODUCTIONS, LLC d/b/a OFRENDA is a domestic limited liability company organized and existing under the laws of the State of New York, with a headquarters and principal place of business located at 113 Seventh Avenue, New York, New York 10014, and is and at all relevant times was engaged in the Hospitality Industry.

14.　　Defendants BE TEMERARIO GROUP, LLC d/b/a EL TEMERARIO; BE BAMBA GROUP, LLC d/b/a LAMANO WINE BAR; LAMANO WEST VILLAGE LLC d/b/a LAMANO; LIGHT SIDE CORP. d/b/a THE BLACK ANT; L PLUS L PRODUCTIONS, LLC d/b/a OFRENDA are hereinafter referred to collectively as "the Restaurants."

15.　　Upon information and belief, Defendant JORGE LUIS GUZMAN GONZALEZ is a resident of the State of New York, who maintains a principal place of business at 198 Eighth Avenue, New York, New York 10011, and who is and at all relevant times engaged in the Hospitality Industry as an officer and/or owner of the Restaurants.

16.　　Upon information and belief, the Restaurants operate as a single enterprise, under the common control of Defendants, and in particular Defendant Guzman Gonzalez. For example, the websites of these Restaurants link to one another:

4

a)      Attached as **Exhibit A**, is El Temerario's homepage located at https://www.temerarionyc.com/ linking to the other restaurants named herein;

b)      Attached as **Exhibit B**, is The Black Ant's homepage located at https://www.theblackantnyc.com/ linking to the other restaurants named herein;

c)      Attached as **Exhibit C**, is Ofrenda homepage located at https://www.ofrendanyc.com/ linking to the other restaurants named herein.

17.     Moreover, attached as **Exhibit D** is a Facebook post located at https://www.facebook.com/JGHospitalityNYC/photos/a.313849619178503/334959077067557/, made by "Jorge Guzman" – whose name is the same as the individual Defendant named herein – advertising that "JG Hospitality is seeking a general manager," as the post contains references to all the Restaurants named herein.

18.     Upon information and belief, Defendants' annual gross volume of sales made or business done is not less than $500,000.

## CLASS AND COLLECTIVE ALLEGATIONS

19.     This action is properly maintainable as collective action pursuant to FLSA, 29 U.S.C. § 216(b), and as a class action under Rule 23 of the Federal Rules of Civil Procedure.

20.     This action is brought on behalf of the Named Plaintiffs and a class consisting of similarly situated employees who performed work for Defendants as food service employees, including such workers as servers, bussers, bartenders, bar backs, food runners, and in various other related customarily-tipped trades.

21.     The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of 100 employees. In addition, the names of all potential members of the putative class are not known.

22.    The questions of law and fact common to the putative class predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to:

a)    whether Defendants compensated their food service employees for all compensable hours;

b)    whether Defendants compensated their food service employees at a rate at least equal to the applicable minimum wage;

c)    whether Defendants included ineligible personnel in their tip pool;

d)    whether Defendants provided employees with adequate notice concerning their rate of pay and pay day pursuant to NYLL § 195(1)(2); and,

e)    whether Defendants provided employees with adequate wage statements pursuant to NYLL § 195(3).

23.    The claims of the Named Plaintiffs are typical of the claims of the putative class. The Named Plaintiffs and putative class members were all subject to Defendants' policies and willful practices of failing to compensate food service employees in compliance with applicable law.

24.    The Named Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.

25.    The Named Plaintiffs have retained counsel experienced in complex wage and hour class action litigation.

26.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The individual Named Plaintiffs and putative class members lack the financial resources to adequately prosecute separate lawsuits against Defendants.

27.    A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendants' policies.

## **FACTS**

28.     While employed by Defendants, the Named Plaintiffs and, upon information and belief, other members of the putative class, were paid a regular hourly wage in check, typically at a rate of $10.00 per hour.

29.     The Named Plaintiffs and, upon information and belief other members of the putative class, would routinely receive a wage statement that demonstrated they were being credited for fewer hours than they had actually worked. For example, Defendants' policy and practice was such that mandatory team meetings held at the beginning of shifts were not considered compensable time worked.

30.     During the Named Plaintiffs' employment, Defendants regularly included managers in the tip pool.

31.     Upon information and belief, Defendants failed to maintain accurate records pertaining to both their collection of, and any alleged distribution of gratuities.

32.     Furthermore, Defendants failed to provide the Named Plaintiffs and, upon information and belief, other members of the putative class, with written notice of all required information, including but not limited to their proper pay rate, their pay day, or the frequency of their pay day at all statutorily mandated times, including both at hiring and prior to any change in their respective rates of pay.

33.     Moreover, the wage statements (or paystubs) received by the Named Plaintiffs and, upon information and belief, other members of the putative class, at the end of each pay period failed to include all required information, including any credits claimed against the minimum wage.

## FIRST CAUSE OF ACTION AGAINST DEFENDANTS:
## <u>FAILURE TO PAY MINIMUM WAGE</u>

34.    The Named Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

35.    Defendants are "employers," within the meaning contemplated pursuant to NYLL Article 6 § 190(3), NYLL Article 19 § 651(6), and cases interpreting same.

36.    The Named Plaintiffs and putative class members are "employees," within the meaning contemplated pursuant to NYLL Article 6 § 190(2), NYLL Article 19 § 651(5), 12 NYCRR § 146-3.2, and cases interpreting same.

37.    The provisions of NYLL Articles 6 and 19, and the supporting New York State Department of Labor regulations, including 12 NYCRR Part 146, apply to Defendants and protect the Named Plaintiffs and members of the putative class.

38.    Pursuant to NYLL Article 19 § 652(a)(i) "[e]very employer shall pay to each of its employees for each hour worked a wage of not less than: … $11.00 on and after December 31, 2016, $13.00 on and after December 31, 2017, $15.00 per hour on and after December 31, 2018…."

39.    Pursuant to NYLL § 650 et seq., also known as the Minimum Wage Act, the Commissioner of Labor is authorized to promulgate regulations enforcing the provisions of the NYLL and Minimum Wage Act. Pursuant to that authority the Commissioner promulgated the Hospitality Wage Order, 12 NYCRR Part 146.

40.    Pursuant to 12 NYCRR § 146-1.3, employers may take a credit against the minimum wage when paying service workers such as the Named Plaintiffs and other members of the putative class, but only if the "worker receives enough tips and if the employee has been notified of the tip credit as required under 12 NYCRR § 146-2.2", which requires that "[p]rior to

the start of employment, an employer shall give each employee written notice of the employee's regular hourly pay rate, overtime hourly pay rate, the amount of tip credit, if any, to be taken from the basic minimum hourly rate, and the regular payday. The notice shall also state that extra pay is required if tips are insufficient to bring the employee up to the basic minimum hourly rate…"

41.    Here, Defendants were not entitled to take a tip credit against the minimum wage when paying service workers such as the Named Plaintiffs and other members of the putative class because they did not comply with the requirements necessary to do so under 12 NYCRR § 146-2.2.

42.    The Named Plaintiffs were paid less than minimum wage for all hours that they worked for Defendants.

43.    Typically, the Named Plaintiffs were paid five dollars ($5.00) less than minimum wage during their employment, but did not receive requisite notice that Defendants were claiming a tip credit.

44.    The Named Plaintiffs also did not receive notification that if their tips were insufficient to bring their pay to the minimum wage, then Defendants would be required to supplement their wages.

45.    Defendants failed to provide the Named Plaintiffs with notice of the tip credit pursuant to 12 NYCRR §§ 146-1.3 and 146-2.2.

46.    Nevertheless, the Named Plaintiffs and, upon information and belief, other members of the putative class, were typically compensated at a rate below the applicable minimum wage rate.

47.    NYLL Article 19 § 663 provides that, "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a

civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

48.     By the foregoing reasons, Defendants violated 12 NYCRR § 146-1.2 and provisions of the NYLL, and are liable to the Named Plaintiffs and putative class members in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

## SECOND CAUSE OF ACTION AGAINST DEFENDANTS: WRONGFULLY WITHHELD TIPS & GRATUITIES UNDER THE NYLL

49.     The Named Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

50.     Pursuant to NYLL Article 6 § 196-d, and the supporting New York State Department of Labor Regulations, "No employer or his agent or an officer or agent of any corporation, or any other person shall demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee."

51.     Defendants unlawfully withheld and retained portions of gratuities intended for food service employees, for example by distributing tips to ineligible personnel.

52.     Upon information and belief, Defendants willfully disregarded and purposefully evaded recordkeeping requirements of applicable New York State law by failing to maintain proper and complete records of mandatory charges in the nature of gratuities, as required under 12 NYCRR § 146-2.

53.     By the foregoing reasons, Defendants have violated NYLL Article 6 § 196-d, and as such are liable to the Named Plaintiffs and putative class members in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

## THIRD CAUSE OF ACTION AGAINST DEFENDANTS:
## <u>FAILURE TO PAY SPREAD OF HOURS</u>

54.    The Named Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs

55.    Pursuant to 12 NYCRR § 142-2.4, "[a]n employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required in this Part for any day in which . . . the spread of hours exceeds 10 hours [in a day]."

56.    The Named Plaintiffs and, upon information and belief, putative class members, worked days where the spread of hours exceeded 10 hours in such days, but did not receive spread of hours pay.

57.    Defendants did not pay the Named Plaintiffs, and upon information and belief, those individuals similarly situated, an additional hour's pay when they worked shifts in which the spread of hours from the beginning of the shift until the end of the shift exceeded 10 hours.

58.    Consequently, by failing to pay to the Named Plaintiffs and individuals similarly situated an additional hour's pay on these occasions, Defendants violated 12 NYCRR § 142-2.4.

59.    By the foregoing reasons, Defendants have violated 12 NYCRR § 142-2.4,  and are liable to the Named Plaintiffs and putative class members in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

## FOURTH CAUSE OF ACTION AGAINST DEFENDANTS:
## <u>FAILURE TO PROVIDE WAGE STATEMENT</u>

60.    The Named Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

61.    Pursuant to 12 NYCRR § 146-2.3, "[e]very employer shall provide to each employee a statement, commonly referred to as a pay stub, with very payment of wages. The pay

stub must list hours worked, rates paid, gross wages, credits claimed (for tips, meals and lodging) if any, deductions and net wages"

62.    Pursuant to NYLL Article 6 § 195(3), "every employer shall: furnish each employee with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages. For all employees who are not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the statement shall include the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked."

63.    Here, the Named Plaintiffs and, upon information and belief, other members of the putative class, did not receive a statement with every payment of wages listing all required information, including the any credits claimed against the minimum wage.

64.    The Named Plaintiffs' paystubs did not reflect notice of the tip credit, that Defendants were claiming a tip credit, and that Defendants were required to supplement their wages if they did not earn enough in tips to bring them up to the minimum wage.

65.    NYLL Article 6 § 198(1-d) provides that "[i]f any employee is not provided a statement or statements as required by subdivision three of section one hundred ninety-five of this article, he or she shall recover in a civil action damages of two hundred fifty dollars for each work day that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars, together with costs and reasonable attorney's fees. The court may also award other relief,

including injunctive and declaratory relief, that the court in its discretion deems necessary or appropriate."

66.    By the foregoing reasons, Defendants violated 12 NYCRR § 146-2.3 and NYLL Article 6 § 195(3), and are liable to the Named Plaintiffs and putative class members in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

## FIFTH CAUSE OF ACTION AGAINST DEFENDANTS:
## FAILURE TO PROVIDE NOTICE UPON HIRING

67.    The Named Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

68.    Pursuant to 12 NYCRR § 146-2.2, "[p]rior to the start of employment, an employer shall give each employee written notice of the employee's regular hourly pay rate, overtime hourly pay rate, the amount of tip credit, if any, to be taken from the basic minimum hourly rate, and the regular payday. The notice shall also state that extra pay is required if tips are insufficient to bring the employee up to the basic minimum hourly rate…"

69.    Pursuant to NYLL Article 6 § 195(1)(a), "every employer shall: provide his or her employees, in writing in English and in the language identified by each employee as the primary language of such employee, at the time of hiring, a notice containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any 'doing business as' names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such

13

other information as the commissioner deems material and necessary. Each time the employer

provides such notice to an employee, the employer shall obtain from the employee a signed and

dated written acknowledgement, in English and in the primary language of the employee, of receipt

of this notice…. For all employees who are not exempt from overtime compensation as established

in the commissioner's minimum wage orders or otherwise provided by New York state law or

regulation, the notice must state the regular hourly rate and overtime rate of pay."

70.     Here, the Named Plaintiffs and, upon information and belief, other members of the

putative class, did not receive a notice in writing at hiring – or at any time thereafter – listing all

required information, including their pay rate, their pay day, the frequency of their pay day, or that

they were entitled to extra pay if their tips were insufficient to bring them up to the basic minimum

hourly rate.

71.     NYLL Article 6 § 198(1-b) provides that "[i]f any employee is not provided within

ten business days of his or her first day of employment a notice as required by subdivision one of

section one hundred ninety-five of this article, he or she may recover in a civil action damages of

fifty dollars for each work day that the violations occurred or continue to occur, but not to exceed

a total of five thousand dollars, together with costs and reasonable attorney's fees. The court may

also award other relief, including injunctive and declaratory relief, that the court in its discretion

deems necessary or appropriate."

72.     By the foregoing reasons, Defendants violated 12 NYCRR § 146-2.2 and NYLL

Article 6 § 195(1)(a), and are liable to the Named Plaintiffs and putative class members in an

amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

## SIXTH CAUSE OF ACTION AGAINST DEFENDANTS:
## <u>WRONGFULLY WITHHELD TIPS & GRATUITIES UNDER THE FLSA</u>

73.     The Named Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

74.     Defendants are employers within the meaning contemplated pursuant to 29 U.S.C. § 203(d) and case law interpreting the same."

75.     Under 29 U.S.C. § 203(m), "an employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit."

76.     Here, Defendants have allowed ineligible personnel – including managers – to participate in the tip pool.

77.     By the foregoing reasons, Defendants have violated 29 U.S.C. § 203(m), and are liable to the Named Plaintiffs and putative class members in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

## SEVENTH CAUSE OF ACTION AGAINST DEFENDANTS:
## <u>RETALIATION UNDER THE NYLL</u>

78.     The Named Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs

79.     Pursuant to NYLL Article 19 § 215 "No employer or his agent or her agent, nor the officer or agent of any corporation, partnership, or limited liability company, or any other person, shall discharge, threaten, penalize, or in any other manner discriminate or retaliate against any employee (i) because such employee has made a complaint to his or her employer, or to the commissioner or his or her authorized representative, or to the attorney general or any other person, that the employer has engaged in conduct that the employee, reasonably and in good faith, believes

violates any provision of this chapter, or any order issued by the commissioner (ii) because such

employer or person believes that such employee has made a complaint to his or her employer, or

to the commissioner or his or her authorized representative, or to the attorney general, or to any

other person that the employer has violated any provision of this chapter, or any order issued by

the commissioner…"

80.     Upon learning of Plaintiff Gonzalez's intention of commencing the instant lawsuit

for the wage violations outlined herein, Defendants threated and retaliated against him by sending

text messages aimed at discouraging him from proceeding. Moreover, Defendants also altered his

work schedule in retaliation of same.

81.     Plaintiff Gonzalez's intention to file the instant lawsuit qualifies as a protected

activity under NYLL § 215, inasmuch as he has a good faith belief that Defendants have violated

the NYLL.

82.     But for Plaintiff Gonzalez's intention to file the instant lawsuit, Defendants would

not have threatened him and retaliated against him.

83.     By the foregoing reasons, Defendants have violated NYLL § 215 and are liable to

Plaintiff Gonzalez in an amount to be determined at trial, plus interest, attorneys' fees and costs.


**EIGHTH CAUSE OF ACTION AGAINST DEFENDANTS:**
**RETALIATION UNDER THE FLSA**

84.     The Named Plaintiffs repeat and re-allege the allegations set forth in the preceding

paragraphs.

85.     Pursuant to Section 15(a)(3) of the FLSA, it is illegal for any person "to discharge

or in any other manner discriminate against any employee because such employee has filed any

complaint or instituted or caused to be instituted any proceeding under or related to this chapter [FLSA]."

86.    Defendants were made aware that Plaintiff Gonzalez intended to commence this lawsuit in which he claimed, *inter alia*, Defendants violated the FLSA by failing to pay to him all earned wages.

87.    Plaintiff Gonzalez's intention to file the instant lawsuit qualifies as a protected activity under FLSA § 15(a)(3), inasmuch as he has a good faith belief that Defendants have violated the FLSA.

88.    But for Plaintiff Gonzalez's intention to file the instant lawsuit, Defendants would not have threatened him and retaliated against him.

89.    By the foregoing reasons, Defendants have violated FLSA § 15(a)(3) and are liable to Plaintiff Gonzalez in an amount to be determined at trial, plus interest, attorneys' fees and costs.

**WHEREFORE**, the Named Plaintiffs, individually and on behalf of others similarly situated, seek the following relief:

(1) on the first cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs, pursuant to the cited provisions;

(2) on the second cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs, pursuant to the cited provisions;

(3) on the third cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs, pursuant to the cited provisions;

(4) on the fourth cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs, pursuant to the cited provisions;

(5) on the fifth cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs, pursuant to the cited provisions;

(6) on the sixth cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs, pursuant to the cited provisions;

(7) on the seventh cause of action, against Defendants in an amount to be determined at trial, plus interest, attorneys' fees and costs, pursuant to the cited provisions;

(8) on the eighth cause of action, against Defendants in an amount to be determined at trial, plus interest, attorneys' fees and costs, pursuant to the cited provisions;

(9) together with such other and further relief the Court may deem appropriate.


Dated:  Carle Place, New York          LEEDS BROWN LAW, P.C.
        March 1, 2022

                                       _____
                                       Brett R. Cohen
                                       Jeffrey K. Brown
                                       Michael A. Tompkins
                                       One Old Country Road, Suite 347
                                       Carle Place, New York 11514
                                       Tel: (516) 873-9550

                                       *Attorneys for the Named Plaintiffs and
                                           Putative Class & Collective*

18